**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OHM SYSTEMS, INC.,<br><br>                  Plaintiff,<br><br>               v.<br><br>SENERGENE SOLUTIONS, LLC,<br><br>                  Defendant. | Civil Action No. 23-1340 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon the Motion to Dismiss Counts Two and Three of Plaintiff Ohm Systems, Inc.'s ("Plaintiff") Complaint (ECF No. 1), filed by Defendant Senergene Solutions, LLC ("Defendant"). (ECF No. 10.) Plaintiff opposed the Motion (ECF No. 12), and Defendant replied (ECF No. 13). The Court has considered the parties' written submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**

    Plaintiff is a company, located in Pennsylvania, that provides information technology services to government and commercial clients. (Compl. ¶¶ 1, 7, ECF No. 1.) Defendant is a company, located in New Jersey, that provides global healthcare services and strategies to government and commercial clients. (*Id.* ¶ 11.) On October 1, 2021, Plaintiff and Defendant entered into a Staffing Services Agreement (the "Agreement"), which sets forth Plaintiff's obligations to provide independent contractors to Defendant in return for pre-determined billing

rates. (Agreement *10, *id.* Ex. A;[1] Compl. ¶ 16; *see also* Def. Reply Br. 2-3, ECF No. 13.) The Agreement further provides that Defendant is responsible for determining the work schedules for the contracted employees, while Plaintiff is responsible for complying with all "employer-related obligations."[2] (Compl. ¶ 19; *see also* Agreement *10.) Plaintiff asserts, and Defendant concedes, that the Agreement is valid and enforceable. (Complaint ¶¶ 27, 35; Def.'s Reply Br. 2-3, ECF No. 13.)

On January 27, 2023, Plaintiff invoiced Defendant a total of $316,525.63 for its services. (Compl. ¶ 22.) Plaintiff alleges that, at all times, it has fulfilled its staffing obligations pursuant to the Agreement. (*Id.* ¶¶ 20-21.) Plaintiff alleges that Defendant has refused to pay the outstanding invoices,[3] and such failure to pay "is a material breach of the Agreement." (*Id.* ¶¶ 23-24.) Plaintiff asserts that it has incurred substantial damages, including the unpaid services worth $316,525.63. (*Id.* ¶ 25.) Plaintiff seeks the total amount as relief for all of its three claims.[4] (*Id.* ¶¶ 30, 33, 38.)

---

[1] Page numbers for the Agreement will be preceded by an asterisk to refer to the page numbers atop the ECF header.

[2] The Agreement specifies that, because the employees provided by Plaintiff are independent contractors, the employees are exempt from claiming "any fringe benefit plans or programs of the Company." (Agreement *9.) Plaintiff maintained the obligation of "pay[ing] all salary, wages and/or other payments required by law or contract[.]" (Compl. ¶ 19.)

[3] Curiously, Defendant does not dispute that it has not fulfilled its contractual obligations. (*See generally* Def.'s Moving Br., ECF No. 10; Def.'s Reply Br.) Defendant also does not dispute that it owes Plaintiff a total amount of $316,525.63. (*See generally* Def.'s Moving Br.; Def.'s Reply Br.)

[4] Plaintiff states, under each Count, that "Ohm demands judgment against [Defendant] as follows: amount owed, $316,525.63, plus interest and costs of suit, attorneys' fees in an amount to be determined by the Court and for such other relief as the Court deems just and proper." (*See id.* ¶¶ 30, 33, 38.)

On March 10, 2023, Plaintiff brought this action against Defendant, alleging three Counts: (1) Breach of Contract;[5] (2) Unjust Enrichment; and (3) Breach of Implied Covenant of Faith and Fair Dealing. (*See generally* Compl.) Defendant moved to dismiss Count Two and Count Three of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] (ECF No. 10.) Plaintiff opposed (ECF No. 12), and Defendant replied (Def.'s Reply Br.).

## II.     LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true, all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim

---

[5] Under the breach of contract theory, Plaintiff states that Defendant breached the Agreement by failing to pay Plaintiff for the services provided. (*Id.* ¶¶ 28-29.) As a result of Defendant's failure to pay, Plaintiff has incurred damages, including the loss of $316,525.63. (*Id.* ¶ 30.)

[6] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   DISCUSSION

Pursuant to Rule 12(b)(6), Defendant moves to dismiss Counts Two and Three of the Complaint as duplicative. (Def.'s Moving Br. 2-3.) In response, Plaintiff argues that dismissal is improper because "alternative pleading is expressly permitted" under Rule 8(d)(2), and this Court has permitted "plead[ing] alternative causes of action at the motion to dismiss stage." (Pl.'s Opp'n Br. 5-6, 10, ECF No. 12.) In turn, the Court assesses the validity of Counts Two and Three below.

#### A.   Count Two: Unjust Enrichment

"Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 733 (D.N.J. 2008) (quoting *Nat'l Amusements, Inc. v. N.J. Tpk. Auth.*, 619 A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992), *aff'd*, 645 A.2d 1194 (N.J. Super. Ct. App. Div. 1994)). A party may not recover under a quasi-contractual claim when the subject matter of the claim is covered in an enforceable contract. *St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*, No. 04-4540, 2005 WL 1199045, at *7 (D.N.J. May 18, 2005) ("Where there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment."); *see also Gallo v. PHH Mortg. Corp.*, 916 F. Supp. 2d 537, 553 (D.N.J. 2012) (stating that a plaintiff may plead breach of contract and unjust enrichment claims in the alternative only "where an express contract cannot be proven." (citation omitted)); *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 618 (D.N.J. 2013) ("An unjust enrichment claim is unavailable where it simply duplicates, or replaces, a conventional contract or tort claim, but unjust enrichment

may be pleaded in the alternative where there is a bona fide dispute whether a relevant contract exists or covers the dispute at issue.").

Here, Plaintiff's unjust enrichment claim arises from the same conduct as the breach of contract claim. In essence, Plaintiff asserts that Defendant has failed to pay Plaintiff for services Plaintiff provided pursuant to the Agreement. (*Compare* Compl. ¶ 29 (alleging a breach of contract claim because Defendant failed to "pay [Plaintiff] in full for the services it provided.") *with id.* ¶ 32 (alleging an unjust enrichment claim because "[Defendant] benefited from [Plaintiff]'s action while refusing to pay for [Plaintiff]'s services").) While plaintiffs may be permitted to plead in the alternative under Rule 8(d)(2), this Court has previously dismissed unjust enrichment claims when there was a duplicative breach of contract claim and the governing agreement was not disputed. *See, e.g., Gujja v. Inpatient Servs. of N.J., P.C.*, No. 21-19416, 2022 WL 2834998, *2-3 (D.N.J. July 20, 2022) (stating that "courts in this [d]istrict regularly dismiss unjust enrichment claims that are duplicative of a complaint's breach of contract claims when the governing agreement is undisputed."); *Gallo*, 916 F. Supp. 2d at 553-54 (dismissing plaintiff's unjust enrichment claim, pled in the alternative to its breach of contract claim, "in light of the express contract between the parties").

The Court, accordingly, dismiss Plaintiff's unjust enrichment claim with prejudice.

**B.      Count Three: Breach of Implied Covenant of Good Faith and Fair Dealing**

Under New Jersey law, a covenant of good faith and fair dealing is implied in every contract. *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 365 (D.N.J. 2006) (citation omitted); *St. Matthews Baptist Church*, 2005 WL 1199045, at *11. A claim for breach of a covenant of good faith and fair dealing, however, cannot proceed "unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim." *MZL Cap. Holdings, Inc.*

5

*v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018); *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 463 (D.N.J. 2020) ("The plaintiff cannot maintain a breach of the implied covenant of good faith and fair dealing claim that is duplicative of its breach of contract claim."). New Jersey law allows for an independent breach of the implied covenant of good faith and fair dealing cause of action in three situations:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*Barrows*, 465 F. Supp. 2d at 365 (citing *Seidenberg v. Summit Bank*, 791 A.2d 1068, 1077 (2002)).

Plaintiff alleges breach of the implied covenant of good faith and fair dealing based on Defendant's "fail[ure] to engage in reasonable business practices designed to comply with the terms of the Agreement." (Compl. ¶ 37.) As required under Rule 8(a), Plaintiff does not plead any additional facts to distinguish the claim from its breach of contract claim. Nor does Plaintiff assert that its claim falls into one of the three situations where New Jersey law provides that an independent breach of the implied covenant of good faith and fair dealing is found. Instead, Plaintiff seemingly asserts that Defendant failed to "engage in reasonable business practices with the terms of the Agreement" because Defendant did not pay Plaintiff for its services. (*See id.*) It follows that the facts that form the basis of the alleged breach of the covenant of good faith and fair dealing are the same as those that form the basis of the breach of contract claim. (*Compare id.* ¶ 29 (alleging a breach of contract claim because Defendant failed to "pay [Plaintiff] in full for the services it provided.") *with id.* ¶ 37.)

6

This Court has dismissed a claim for breach of the implied covenant of good faith and fair dealing when it is duplicative of the party's breach of contract claim. *MZL Cap. Holdings*, 734 F. App'x at 106 (affirming the dismissal of plaintiff's breach of the implied covenant of good faith and fair dealing claim because it "[was] identical to its claim for breach of contract."); *Red Hawk Fire & Sec.*, 449 F. Supp. 3d at 463 (finding that dismissal of the breach of the covenant of good faith and fair dealing claim was not warranted because the "allege[d] conduct that [was] duplicative of [c]ount [o]ne . . . [was] not the only allegation on which [plaintiff] relies to support this claim.").

Moreover, the fact that Plaintiff seeks the same amount of damages for each of its claims suggests that the claims are necessarily duplicative. *See D'Urso v. BAMCO, Inc.*, No. 22-3723, 2023 WL 5623945, at *5 n.9 (D.N.J. Aug. 31, 2023) (dismissing plaintiff's breach-of-covenant claim because it "appear[ed] to be duplicative" of the breach-of-contract claim where the claims were identical, and plaintiffs sought "the same amount of damages for a breach of the covenant as for a breach of contract.").

The Court, accordingly, dismisses Plaintiff's breach of implied covenant of faith and fair dealing claim without prejudice.

C.  **Plaintiff's Request for Leave to Amend**

In its Opposition Brief, Plaintiff requests that the Court grant Plaintiff leave to amend to cure any pleading issues, should the Court find any of the counts to be insufficient to state a claim. (Pl.'s Opp'n Br. 8-9.)

"If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Riley v. Timmons Constr. LLC*, No. 22-597356, 2022 WL 597356, at *6 (D.N.J. Feb. 28, 2022) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)). "'Futility' means that the complaint, as

7

amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Courts are free to deny a leave to amend when "it is inconceivable that [a plaintiff] could allege additional facts" that render the claim not futile. *Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015).

Here, Plaintiff's unjust enrichment claim and breach of the implied covenant of good faith and fair dealing claim arise from the same conduct that serves as the basis for Plaintiff's breach of contract claim, and no other facts regarding Defendant's conduct are presented. (*See generally* Compl.) As noted above, an unjust enrichment claim is unavailable if it simply duplicates a contract claim; a claim of unjust enrichment may be pleaded in the alternative only where there is a bona fide dispute whether a relevant contract exists. *Kuzian*, 937 F. Supp. 2d at 618. Here, the parties agree that there is a valid and binding contract—namely, the Agreement. (Compl. ¶ 35; Def.'s Moving Br. 2-3; Def.'s Reply Br. 2-3.) Accordingly, any amendment to Plaintiff's unjust enrichment claim is futile because it cannot side-step the fact that a valid and enforceable contract exists.

On the other hand, Plaintiff may resurrect its breach of the implied covenant of good faith and fair dealing claim if it is able to adequately allege facts that would demonstrate that its claim falls into one of the three situations that allow for an independent breach-of-covenant claim to be pled in parallel to a breach of contract claim. *Barrows*, 465 F. Supp. 2d at 365. The Court, therefore, grants Plaintiff leave to amend as to Count Three.

8

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Counts Two and Three of the Complaint is granted. Count Two is dismissed with prejudice. Count Three is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE
