**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHM SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SENERGENE SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 23-1340 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Ohm Systems, Inc.'s ("Plaintiff") unopposed Motion to Amend Stipulation and Order of Consent Judgment (the "Motion"). (ECF No. 35.) Because the facts of this case are well known to the parties and the Court, the Court only recites those relevant to this Motion.

On January 31, 2025, the Court entered a consent judgment in the amount of $316,525.63 in favor of Plaintiff (the "Original Consent Judgment"). (ECF No. 34.) On February 3, 2025, Plaintiff filed the instant Motion, seeking to reduce the judgment amount from $316,525.63 to $284,014.13. (*See generally* Mot.) Plaintiff's requested amendment reflects two key adjustments: (1) a $35,000 reduction to credit payments made by Defendant Senergene Solutions, LLC ("Defendant") prior to the "Event of Default" as defined in the parties' Forbearance Agreement (the "Forbearance Agreement"); and (2) a $2,488.50 increase to reflect attorneys' fees incurred by Plaintiff in enforcing Plaintiff's rights under the Original Consent Judgment, including costs associated with drafting the present Motion. (*See id.*)

Under Rule 59, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d. Cir. 1995)). Rule 59 encompasses requests for postjudgment interest, *Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Employees*, 960 F.2d 1187, 1192 (3d Cir. 1992), as well as requests for contractual attorneys' fees and costs, *Devon Robotics, LLC v. ITOCHU Int'l, Inc.*, No. 09-1819, 2013 WL 5525093, at *12 (E.D. Pa. Oct. 4, 2013).

The Original Consent Judgment expressly provides that Plaintiff may move to amend the final judgment to credit payments that Defendant made prior to default, as well as to add attorneys' fees. (*See generally* Original Consent Judgment.) Specifically, the Original Consent Judgment provides that the final judgment shall be entered:

> in the principal amount of . . . $316,525.63[], together with any post judgment interest, costs or attorneys' fees as may be awarded by the Court, subject to reduction for any payments made by Defendant pursuant to the Forbearance Agreement by and between Plaintiff and Defendant . . . that were made prior to the Event of Default[.] In the event such payments were made, Plaintiff will file a motion to amend the judgment to reflect such payment and any additional amounts that accrued . . . .

(*Id.* at 1.)

In light of the express terms of the Original Consent Judgment, the Court finds that the final judgment must be reduced by $35,000 to reflect the payments that Defendant made prior to default, and that Plaintiff is entitled to recover the attorneys' fees it incurred in enforcing its rights under the Original Consent Judgment.

Before awarding attorneys' fees, however, the Court must determine whether the requested attorneys' fees are reasonable. *See Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator and Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973). As the Supreme Court has explained, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" calculation is presumed to yield a reasonable fee. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The party seeking attorneys' fees may establish reasonableness by submitting affidavits that set forth the amount of hours worked and the attorneys' claimed rates. *See Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998). "[T]he court has wide discretion" to determine whether the number of hours reported are reasonable, and whether the claimed rates are in accordance with prevailing market rates in the relevant community. *Id.*; *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum v. Stenson*, 4665 U.S. 886, 895 (1984)).

Here, although Plaintiff's counsel, Mr. Silverstein, submitted an affidavit stating the total amount of fees incurred, he did not provide the requisite detail regarding hours billed or the attorneys' billing rates. (*See generally* ECF No. 35 (stating without further detail that "Plaintiff has incurred attorneys' fees in the amount of $2,488.50").) Without such information, the Court cannot determine whether the requested attorneys' fees are reasonable. *See Cosm. Warriors Ltd. v. Nailush LLC*, No. 17-1475, 2017 WL 5157390, at *7 (D.N.J. Nov. 6, 2017) (ordering plaintiff to file a supplemental affidavit detailing the attorneys' hours and rates to evaluate the reasonableness of plaintiff's request for attorneys' fees). Accordingly, Plaintiff's counsel must submit a supplemental affidavit specifying the hours worked and rates charged by counsel, and the Court will defer ruling

on Plaintiff's request for attorneys' fees pending further evidentiary support. *See Davis v. Riddle & Assocs., P.C.*, 579 F. Supp. 2d 692, 694 (E.D. Pa. 2008).

Based on the foregoing,

**IT IS**, on this 29th day of September 2025, **ORDERED** as follows:

1. Plaintiff's Motion is **RESERVED IN PART** as to Plaintiff's request for $2,488.50 in attorneys' fees. Within two (2) weeks of entry of this Order, Plaintiff shall file a supplemental affidavit from counsel specifying the hours worked and rates charged.

2. Plaintiff's Motion (ECF No. 35) is **GRANTED IN PART** to the extent that it seeks a reduction of the judgment amount by $35,000. The judgment entered by the Court on January 31, 2025 (ECF No. 34) therefore shall be **AMENDED** from $316,525.63 to $281,525.63, subject to further adjustment upon resolution of Plaintiff's request for attorneys' fees.

3. Plaintiff's Motion (ECF No. 35) is **ADMINISTRATIVELY TERMINATED** pending the Court's receipt of Plaintiff's supplemental filing. The Court shall reinstate the Motion upon receipt of the supplemental affidavit.

4. If Plaintiff fails to submit the supplemental affidavit within two (2) weeks of entry of this Order, the Court will adjudicate Plaintiff's request for attorneys' fees on the current record.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE